STATE, Respondent, vs. CLACK, Appellant.

*April 6—May 2, 1950.*

For the appellant there was a brief by *Stephens, Cannon, Bieberstein & Cooper,* attorneys, and *John L. Bruemmer* of counsel, all of Madison, and oral argument by *A. J. Bieberstein.*

For the respondent there were briefs by the *Attorney General, Warren H. Resh,* assistant attorney general, *Robert W. Arthur,* district attorney of Dane county, and *Charles O. Vau Dell,* deputy district attorney, and oral argument by *Mr. Vau Dell* and *Mr. Resh.*

A brief was filed by *James J. McDonald* of Madison, as ·amicus curiae.

BROWN, J. It is not disputed that the defendant was manager of a water-softening company which was owned and operated by his father; that he, personally, installed four softeners; that by statutory definition, connecting water softeners with the water-supply system is plumbing (sec. 145.01 (1) (c), Stats.); that neither the defendant nor his father were licensed master plumbers.

Sec. 145.06 (2), Stats., so far as material to this action, reads: (In a city or village having a system of water works and sewerage) ". . . no person, firm, or corporation shall install plumbing unless at all times a licensed master plumber is in charge, who shall be responsible for proper installation. . . ." It is admitted that the installations were made in the city of Madison, which has such water and sewerage systems. Sec. 145.12 prescribes the penalty for violation of sec. 145.06 (2).

The defendant's appeal rests on two grounds:

(1) That he was not proved guilty of a violation of the statutes under which he was charged.

(2) That those statutes are unconstitutional.

The respondent state submits (1) that the defendant wished to. test the constitutionality of the statute and his behavior and admissions were inconsistent with any conclusion or inference that a master plumber was in fact in

charge; (2) that defendant did not, on the trial, raise the point that the state had failed to prove this element of the offense and he cannot raise it for the first time on appeal; (3) that the statute is a constitutional exercise of the police power.

While the state argued that the question of violation was not raised in the trial court, the plea of *not guilty* clearly raised it. Moreover, we find on page 67 of the bill of exceptions, not referred to in the appendix, during the trial of the action counsel for the defendant stated the issues thus: "First of all, did the defendant violate the statute, and, secondly, is the statute a constitutional legislative mandate?"

In a criminal case there is a presumption that the defendant is innocent which remains with him throughout the trial and can be overcome only by proof of his guilt beyond a reasonable doubt. The burden of such proof is on the state. The state proved that defendant, not being a master plumber, connected the softeners to the water-supply system. Sec. 145.06 (2), Stats., does not prohibit this. The testimony did establish that the defendant was employed by his father in a business which manufactured and serviced water softeners, as well as installed them, and which operated throughout the state of Wisconsin. No question was asked concerning what employees, if any, the father had in his business other than the defendant, nor whether any of such other employees were licensed master plumbers. The defendant testified that he made installations at times in company with plumbers and the father testified that at times he employed plumbers. Neither father nor son was questioned concerning the presence or absence of any master plumber in charge of and responsible for the proper installation of any of the connections upon which the state's action is based. We are not permitted to guess what the answer might have been. No other testimony whatever was offered to show that a master plumber was not in charge.

We have examined the record of proceedings in the trial court with great care but have been unable to find any proof that a master plumber was not in charge of and responsible for the connection of these softeners to the water-supply system. Until that is proved the offense is not proved. The judgment of the trial court must be reversed. Since the conviction must be set aside for lack of evidence to sustain it, anything we might say upon the constitutional question would be *obiter dicta;* hence we refrain from comment on that feature of the appeal.

*By the Court.*—Judgment and sentence of the trial court is reversed and cause is remanded with directions to the trial court to discharge the defendant.